UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fay Huling,

        Plaintiff,

v.                                                                            Civil No. 12-2998 (JNE/TNL)
                                                                           ORDER

Verizon Communications, Inc., and
Metropolitan Life Insurance Company,

        Defendants.

---

Howard L. Bolter, Fishman, Carp, Bescheinen & Van Berkom, Ltd., appeared for Plaintiff Fay Huling.

William D. Hittler, Nilan Johnson Lewis PA, appeared for Defendants Cellco Partnership[1] and Metropolitan Life Insurance Company.

---

      Fay Huling applied for and received short-term disability benefits from June to September 2011. Her claim for benefits after September 25, 2011, was denied. Contesting the denial of her claim, Huling brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B) (2006), in state court. Metropolitan Life Insurance Company (MetLife) removed the action from state court. The case is before the Court on cross-motions for summary judgment. For the reasons set forth below, the Court grants Defendants' motion and denies Huling's motion.

      Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A participant in an ERISA plan may bring an action "to recover benefits due to him under

---

[1]     The parties agree that "Cellco Partnership d/b/a Verizon Wireless" should have been named as a defendant instead of "Verizon Communications, Inc., d/b/a Cellco Partnership, d/b/a Verizon Wireless."

1

the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Where, as here, the language of an ERISA plan provides the administrator discretionary power to construe ambiguous terms or make eligibility determinations, the administrator's decisions are reviewed for an abuse of discretion."[2] *Govrik v. Unum Life Ins. Co. of Am.*, 702 F.3d 1103, 1108 (8th Cir. 2013); *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

When reviewing for abuse of discretion, a court will reverse a plan administrator's decision only if it is arbitrary and capricious. *River v. Edward D. Jones Co.*, 646 F.3d 1029, 1032 (8th Cir. 2011). "The administrator's decision should be affirmed if it is reasonable, meaning it is supported by substantial evidence." *Green v. Union Sec. Ins. Co.*, 646 F.3d 1042, 1050 (8th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Govrik*, 702 F.3d at 1108-09. "The requirement that the [administrator's] decision be reasonable should be read to mean that a decision is reasonable if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Jackson v. Metro. Life Ins. Co.*, 303 F.3d 884, 887 (8th Cir. 2002) (internal quotation marks omitted).

By letter dated January 12, 2012, MetLife approved Huling's claim for short-term disability benefits through September 25, 2011, and denied her claim for benefits after September 25. MetLife stated, "We do not have medical information supporting your continued inability to perform the essential functions of your own occupation where you were unable to

---

[2] The Court rejects Huling's argument for a standard of review less deferential than abuse of discretion. Assuming without deciding that the procedural irregularity component of *Woo v. Deluxe Corp.*, 144 F.3d 1157 (8th Cir. 1998), still applies, *see Wrenn v. Principal Life Ins. Co.*, 636 F.3d 921, 924 n.6 (8th Cir. 2011), the Court discerns no procedural irregularity that would warrant a less deferential standard of review. *See Manning v. Am. Republic Ins. Co.*, 604 F.3d 1030, 1041 (8th Cir. 2010).

2

earn more than 80% of your pre-disability earnings beyond September 25, 2011." MetLife thoroughly reviewed documentation related to Huling's treatment in the summer and fall of 2011. In a progress note dated August 15, Huling's psychiatrist diagnosed Huling with major depressive disorder, single, moderate. In a behavioral health initial functional assessment form dated August 16, the psychiatrist reported a GAF score of 55 as of August 15, estimated that a return to part-time work was possible by mid-September 2011, and noted that Huling's impairment significantly affected her ability to function on 11 of 14 items of a functional capability checklist. On September 2, Huling's psychologist requested an extension of her medical leave through September 16. In a progress note dated September 19, the psychiatrist stated that Huling "continues to be very depressed" and that she "is not able to function at her work at this time." The psychiatrist recommended a 3-week extension of Huling's time off from work to allow for a "recently added medication to become effective." In a progress note dated September 25, a new psychologist reported a GAF score of 75 and diagnosed her as having depression with anxiety. The psychologist noted that Huling "is clearly dealing with significant work stress centered around a boss/supervisor who is demanding travel 5 days a week which is a stress factor." On September 30, the psychologist saw Huling, who indicated that she was depressed but did not want to talk about it. In a progress note dated October 21, the psychiatrist diagnosed Huling with major depressive disorder, single, moderate, as well as anxiety disorder. The psychiatrist noted that "[t]here is some reported improvement however she is showing significant depressive symptoms." On November 11, the psychologist diagnosed Huling as having depression with anxiety. Huling told the psychologist she was ready to return to work. One week later, the psychiatrist stated that Huling may return to work on November 30. At MetLife's request, a physician consultant, board certified in psychiatry, reviewed Huling's file.

The consultant reviewed notes of Huling's treatment and spoke with Huling's psychiatrist and second psychologist by telephone.[3] Asked whether the medical information supports functional limitations after August 26, 2011,[4] the physician consultant opined as follows:

> It is my opinion that the medical documentation supports a brief psychiatric disorder up to and including the initial intake evaluation by the current treating psychologist . . . but not beyond since the documentation fails to provide detailed and specific functional evaluations supporting specific restrictions and limitations -- recommended adaptations are related to the job itself and not to the claimant's psychiatric disorder.

The Court's review of the record reveals that substantial evidence supports MetLife's decision to deny Huling's claim after September 25. The Court therefore grants Defendants' motion and denies Huling's motion.[5]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Huling's Motion for Summary Judgment [Docket No. 14] is DENIED.

2. Defendants' Motion for Summary Judgment [Docket No. 19] is GRANTED.

3. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 18, 2013

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[3] The consultant's attempts to speak with the first psychologist were not successful.

[4] MetLife had denied Huling's claim after August 26, she appealed, and MetLife ultimately approved her claim through September 25.

[5] The Court need not consider Cellco Partnership's alternative argument that it is not a proper party to this action.